**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAN BOGER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>PROSPERUM CAPITAL LLC d/b/a PROSPERUM FUNDING<br><br>　　　　　Defendant. | Case No. 17-2248<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.　　Plaintiff Dan Boger ("Mr. Boger" or "Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.　　"Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3.　　The TCPA is designed to protect consumer privacy by prohibiting unsolicited, prerecorded calls, unless the caller has the "prior express written consent" of the called party.

4.　　Plaintiff alleges that Defendant Prosperum Captial LLC d/b/a Propserum Funding, ("Prosperum Funding") made automated telephone calls using equipment prohibited by the

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

TCPA to promote its services without Plaintiff's prior express written consent, and while his number was on the National Do Not Call Registry.

5. Because the call to Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff is a natural individual who resides in Rockville, MD, in this District.

8. Defendant Prosperum Capital LLC is a New York Limited Liability Company with its principal place of business in New York, NY. Prosperum engages in telemarketing nationwide, including into this District, as it did with Mr. Boger.

## Jurisdiction & Venue

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) and (3) because the Defendant is subject to personal jurisdiction in this district and a substantial part of the property that is the subject of this action is owned by the Plaintiff, in this District.

## TCPA Background

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

The TCPA Prohibits Automated Telemarketing Calls

15.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C.

§ 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

16. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

17. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

19. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).

20. *Mims* explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394). Accordingly, Congress found that:

> ***Banning such automated or prerecorded telephone calls*** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, ***is the only effective means of protecting telephone consumers*** from this nuisance and privacy invasion.

*Id.* at § 14 (emphasis added).

21. Indeed, as the United States Supreme Court recently held in a different context, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).

## Factual Allegations

22. Prosperum Funding is a business funding provider that targets businesses of various sizes to offer its services.

23. Prosperum Funding uses telemarketing to promote its products.

24. Prosperum Funding' telemarketing efforts include the use of automated dialing equipment.

25. On September 24, 2015, Prosperum Funding placed a telemarketing call to the Plaintiff's cellular telephone, XXX-XXX-8842.

26. The Plaintiff's telephone number had been listed on the National Do Not Call Registry for more than 30 days prior to the call.

27. The Caller ID for the phone number was (732) 603-1676.

28. When the Plaintiff answered the phone, there was a distinct click and a significant pause on the other end of the telephone line.

29. The pause was so long that the Plaintiff said "hello" into the telephone multiple times before he received a response.

30. These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

31. During the call, which was a "cold call", Prosperum Funding gave a scripted pitch trying to offer the Plaintiff its services.

32. The Propserum employee identified himself as "Benjamin".

33. At least twice, the Plaintiff was told that the website for the business was www.prosperumfunding.com.

34. That website is owned and operated by the Defendant.

35. These are services that the Plaintiff had not expressed an interest in to Prosperum Funding.

36. On June 20, 2017, the Plaintiff received a call on his cellular telephone, XXX-XXX-8842.

37. The Caller ID for the call was (646) 362-2022.

38. When the Plaintiff answered the call, there was an audible click and a pause, and a pre-recorded message played about business funding.

39. These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

40. In fact, the use of a pre-recorded message itself is indicative of the use of an ATDS, as it would be illogical to manually dial a call only to play a generic pre-recorded message.

41. The Plaintiff eventually received an e-mail from BISSAC@prosperumfunding.com

42. Prosperum Funding did not have the Plaintiff's prior express written consent to make these calls.

43. Before filing this lawsuit, Plaintiff wrote to Prosperum asking whether they had his prior express written consent to make the call, but Prosperum did not provide any evidence of consent or respond to his inquiry.

44. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

45. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

46. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

47. The class of persons Plaintiff proposes to represent include:

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf made one or more non-emergency telephone calls; (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of the filing of this Complaint to trial (the "Class").

48. Excluded from the classes are Prosperum Funding, any entities in which the Prosperum Funding has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

49. The proposed class members are identifiable through phone records and phone number databases.

50. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

51. Plaintiff is a member of the class.

52. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

   a. Whether the Prosperum Funding used an automatic telephone dialing system to make the calls at issue;

   b. Whether the Prosperum Funding placed telemarketing calls without obtaining the recipients' valid prior express written consent;

   c. Whether the Prosperum Funding' violations of the TCPA were negligent, willful, or knowing; and

   d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Prosperum Funding' actions.

53. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members.

54. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the

class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

55. The actions of the Prosperum Funding are generally applicable to the class as a whole and to Plaintiff.

56. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Prosperum Funding and/or its agents.

57. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

58. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Prosperum Funding and/or its affiliates, agents, and/or other persons or entities acting on Prosperum Funding's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS.

61. As a result of Prosperum Funding's and/or its affiliates, agents, and/or other persons or entities acting on Prosperum Funding's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Prosperum Funding and/or its affiliates, agents, and/or other persons or entities acting on Prosperum Funding's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

63. Defendant's violations were negligent, willful, or knowing.

## Count Two:
## Violation of the Maryland Telephone Consumer Protection Act

64. Plaintiff Boger incorporates the allegations from all previous paragraphs as if fully set forth herein.

65. The foregoing acts and omissions of the Defendant's constitute violations of the Maryland Telephone Consumer Protection Act, Md. Code Ann. Com. Law §§ 14-3201, *et seq.*, ("Maryland TCPA") which prohibits a person from violating the TCPA. Here, as alleged above, the Defendant's violated to the TCPA by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

66. As a result of the Defendant's violations of the Maryland TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or

prerecorded voice in violation of the statute, pursuant to Md. Code Ann. Com. Law § 14-3202(b)(2)(i) as well as their attorneys fees pursuant to Md. Code Ann. Com. Law § 14-3202(b)(1).

## **Relief Sought**

For herself and all class members, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Prosperum Funding and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Prosperum Funding and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

Dated: August 8, 2017         By:   /s/ Stephen H. Ring
                                    Stephen H. Ring (Bar No. 00405)
                                    STEPHEN H. RING, P.C.
                                    9901 Belward Campus Drive, Suite 175
                                    Rockville, MD 20850
                                    Phone: (301) 563-9249
                                    Fax: (301) 563-9639
                                    shr@ringlaw.us


                                    /s/ Matthew P. McCue
                                    Law Office of Matthew P. McCue
                                    1 South Avenue, 3rd Floor
                                    Natick, Massachusetts 01760
                                    Phone: 508-655-1415
                                    Fax: 508-820-3311
                                    mmccue@massattorneys.net